UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| CHARLES EDWARD SMITH, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 3:05-CR-74-TAV-HBG-1 |
| | ) | | 3:15-CV-70-TAV |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 37]. During pendency of the petition, Petitioner filed two requests for leave to amend [Docs. 39, 40]. The United States filed a cumulative response in opposition to collateral relief on May 3, 2016 [Doc. 44]. For the reasons discussed below, Petitioner's first motion for leave to amend [Doc. 39] will be **DENIED,** second motion for leave to amend [Doc. 40] will be **GRANTED**, and amended § 2255 motion [Docs. 37, 40] will be **DENIED** and **DISMISSED WITH PREJUDICE.**

### I. BACKGROUND

In 2007, Petitioner pled guilty and was convicted of possessing with intent to distribute at least five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) [Doc. 28 ¶¶ 1, 3; Doc. 32]. The convictions stemmed from two separate incidents. The first occurred in May 2002, when law enforcement officers recovered 8.8 grams of cocaine base ("crack") from Petitioner, who in turn admitted that he purchased the drugs with intent to sell them to others for profit [Doc. 28 ¶

4(a)]. The second occurred in December 2003, when officers discovered an assault rifle in the back seat of the vehicle Petitioner used to flee from law enforcement [*Id.* ¶ 4(b)].

The probation officer ultimately classified Petitioner as both a career offender under Section 4B1.1 of the United States Sentencing Guidelines and an armed career criminal under 18 U.S.C. § 924(e)—the Armed Career Criminal Act ("ACCA") [Presentence Investigation Report ("PSR") ¶¶ ]. As a result of the career offender designation, Petitioner received a base offense level of 34 and, after a three-level reduction for acceptance of responsibility, a total offense level of 31 [*Id.* ¶¶ 37, 40–41]. When combined with Petitioner's criminal history category of VI, Petitioner's total offense level resulted in a guidelines range of 188 to 235 months' imprisonment [*Id.* ¶¶ 73, 91]. As a result of his armed career criminal designation, Petitioner was the subject of a 180-month mandatory minimum for the firearm offense and, based on the quantity of drugs possessed, a statutory range of not less than five nor more than forty years for the drug offense [*Id.* ¶¶ 38, 90]. On July 19, 2007, the Court sentenced Petitioner to a 200-month term for the firearm offense and concurrent 200-month term for the drug offense, resulting in a total term of 200 months' incarceration and five years' supervised release [Doc. 32]. No appeal was taken.

More than five years later—on February 22, 2013—Petitioner filed a § 2255 motion in which he sought resentencing in light of *Dorsey v. United States*, 132 S. Ct. 2321 (2012) and the Fair Sentencing Act of 2010 ("FSA") [Doc. 37]. On February 10, 2015, two years after submitting the original petition, Petitioner filed a motion for leave to amend his petition to challenge the armed career criminal designation under *Descamps v. United States*, 133 S. Ct. 2276 (2013) [Doc. 39]. On February 19, 2016, Petitioner submitted a second motion for leave to amend, this time challenging both the career offender and armed career criminal designations in

2

light of *Johnson v. United States*—a case in which the Supreme Court invalidated the residual clause of the ACCA as unconstitutionally vague, 135 S. Ct. 2551 (2015) [Doc. 40].

## II. TIMELINESS AMENDMENTS

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). This same provision governs the timeliness of later-filed amendments. *Cameron v. United States*, No. 1:05-cv-264, 2012 U.S. Dist. LEXIS 48381, at *3–6 (E.D. Tenn. April 5, 2012) (citing *Olsen v. United States*, 27 F. App'x 566 (6th Cir. Dec. 14, 2001)). Petitioner has failed to demonstrate that subsections (f)(2) or (f)(4) apply to his case. Specifically, he has not established that any illegal action by the government prevented him from making the timely petition or the existence of facts affecting his case that could not have previously been discovered through the exercise of due diligence. The timeliness of Petitioner's motions for leave to amend [Docs. 39, 40] thus depends on whether the claims therein were submitted in compliance with subsections (f)(1) and (f)(3).

For purposes of the subsection (f)(1)—where the statutory period expires one year from the date on which the judgment of conviction becomes final—"a conviction becomes final at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001)

(quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)).  Using the same reasoning, the Sixth Circuit has made clear that "when a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon expiration of the period in which the defendant could have appealed to [such court], even when no notice of appeal was filed." *Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012) (quoting *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004)).  Petitioner's judgment of conviction became final on August 2, 2007, fourteen days after the Court entered judgment on July 19, 2007. *See* Fed. R. App. P. 4(b)(1)(A) (2007) (noting criminal defendant was required to file a notice of appeal within fourteen days of entry of the judgment appealed); Fed. R. App. P. 26(a)(2) (2007) (excluding weekends and holidays).  Based on the foregoing, Petitioner's window for requesting timely relief under subsection (f)(1) began to run on that date, expiring on August 2, 2008.

### A.    Timeliness February 10, 2015 Amendment

Petitioner's February 10, 2015 amendment attempts to incorporate a novel ground for collateral relief challenging his armed career criminal designation based on the Supreme Court's holding in *Descamps* [Doc. 39].  He suggests because Tennessee's aggravated burglary statute is indivisible, violations of that statute cannot constitute predicate offenses under § 924(e) [*Id.* at 3–4 (suggesting that, without the aggravated burglary convictions, he lacks the predicate felonies necessary for armed career criminal designation)].

While it is true that Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should "be freely given when justice so requires," Fed. R. Civ. P. 15(a), relevant factors include "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Anderson v. Young Touchstone Co.*, 735 F.

4

Supp. 2d 831, 833 (W.D. Tenn. 2010) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1965)). Because futility of the proposed amendment is a permissible basis on which to deny leave to amend, *see Forman*, 371 U.S. at 182 (noting grant or denial of a motion to amend is within the discretion of the district court), resolution of the motion depends on whether the proposed claim is independently timely or, in alternative, relates back to a timely pleading under Rule 15(c).

To the extent Petitioner argues that reliance on *Descamps* triggers a renewed window under subsection (f)(3) [Doc. 39 p. 4], the Court disagrees. Subsection (f)(3) provides an independent one-year window in which a petitioner can request collateral relief based on newly-recognized rights made retroactively applicable on collateral review. 28 U.S.C. § 2255(f)(3). In other words, to trigger the renewed limitations period, the ground for relief must be based on (1) a right newly recognized by the Supreme Court and (2) made retroactively applicable by that same institution. Because Petitioner has failed to demonstrate that *Descamps* satisfies the first prong, the Court need not determine whether it satisfies the second. *Descamps* involved application of the categorical approach first adopted by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990), to a new set of facts. *See Descamps*, 133 S. Ct. at 2283 ("Our case law explaining the categorical approach and its 'modified' counterpart all but resolves this case."); *id.* at 2285 ("Applied in that way—which is the only way we have ever allowed—the modified approach merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute."). As such, the holding of that case cannot be characterized as articulating a "rights-creating rule," i.e., a newly recognized right within the scope of subsection (f)(3). *See United States v. Montes*, 570 F. App'x 830, 831 (10th Cir. 2014) (finding that "the *Descamps* decision did not recognize a new right" and concluding that the petitioner's § 2255 motion—which was filed within one year of *Descamps*, but over one year

5

after the petitioner's conviction became final—was untimely); *United States v. Lawrence*, No. 06-CR-36, 2014 U.S. Dist. LEXIS 121439, at *4 (E.D. Wash. Aug. 29, 2014) ("While the issue of whether *Descamps* created a new right has not been addressed by [any federal court of appeals], district courts have uniformly dismissed that argument."); *United States v. Chavis*, No. 14-C-50122, 2014 U.S. Dist. LEXIS 82730, at *2 (N.D. Ill. June 18, 2014) ("[B]ecause *Descamps* merely affirmed existing Supreme Court precedent it cannot serve as a justification for the application [of § 2255(f)(3)]."); *Harr v. United States*, No. 14-cv-1152, 2014 U.S. Dist. LEXIS 58692, at *3 (C.D. Ill. Apr. 28, 2014) (explaining that *Descamps* "cannot serve as a justification for application of § 2255(f)(3)"). Because *Descamps* did not articulate a new right, the timeliness of Petitioner's original motion hinges on its compliance with § 2255(f)(1).

Petitioner's failure to file the amendment until February 10, 2015—nearly six-and-a-half years after expiration of subsection (f)(1)'s limitation period on August 2, 2008—requires that the Court deem the *Descamps* claim untimely absent tolling of the statute of limitations.

The statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6lth Cir. 2001). Used sparingly, a petitioner bears the burden of establishing that equitable tolling applies to his case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.")

Review of the proposed amendment [Doc. 39], leads the Court to conclude that Petitioner has failed to identify a single extraordinary circumstance capable of explaining his failure to comply with the window for requesting timely collateral relief under subsection (f)(1). The record reveals that Petitioner made no attempts to challenge use of the aggravated burglary convictions as a basis for his designation as an armed career criminal until he filed the first proposed amendment more than seven years after his judgment became final. *See, e.g.*, *Stovall v. United States*, No. 1:12-cv-377, 2013 U.S. Dist. LEXIS 12937, at *9 (E.D.T.N. Jan. 31, 2013) (rejecting request for equitable tolling where the petitioner failed to set forth any facts suggesting he had diligently pursued his rights). As a result, the Court finds the first amendment untimely.

When an amendment is untimely, the Court looks to Rule 15(c) of the Federal Rules of Civil Procedure to determine whether the new or proposed claim "relates back" to a timely, original pleading and is thereby saved from being time barred by expiration of the statute of limitations. *Mayle v. Felix*, 545 U.S. 644, 656–57 (2005), *overruled on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–63 (2007). Petitioner's *Descamps*-based challenge to his armed career criminal designation is wholly distinct from the claims raised in his original petition—challenges to his sentence based on *Dorsey* and career offender enhancement in the absence of notice under 21 U.S.C. § 851 [Doc. 37 p. 3; Doc. 38 p. 3–7]—and thus cannot be said to arise from the same "core of operative fact" as a previously-filed, independently timely ground. Because granting Petitioner leave to make such an amendment would be futile, his request [Doc. 39] will be **DENIED**.

B.  **Timeliness of February 19, 2016 Supplement**

Petitioner's most recent amendment, filed on February 19, 2016, attempts to raise an entirely novel ground for relief based on *Johnson* [Doc. 40]. Petitioner relies on subsection

7

(f)(3) to show that the request was filed prior in compliance with the statute of limitations [*Id.* at 4–5]. In contrast to *Descamps*, the Supreme Court has made clear that *Johnson* announced a new rule made retroactively applicable on collateral review.[1] *See Welch v. United States*, No. 15-6418, 2016 U.S. LEXIS 2451, at *16 (U.S. Apr. 18, 2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). The renewed period began to run on June 26, 2015 and, as a result, both Petitioner's motion and proposed ground fall safely within the window for making a timely request for collateral relief [Doc. 40]. Accordingly, Petitioner's second motion for leave to amend [Doc. 40] will be **GRANTED**.

### III. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the

---

[1] The Court finds that it need not address whether the new rule resulting from *Johnson*'s application in the Guideline context has also been made retroactively applicable on collateral relief because, for reasons discussed below, Petitioner qualifies as a career offender without reference to or reliance upon Section 4B1.2(a)'s residual clause.

8

proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

IV.   ANALYSIS

The initial § 2255 petition articulates two grounds for collateral relief, arguing that Petitioner is entitled to retroactive relief from his sentence in light of *Dorsey*, the FSA ("Ground One") [Doc. 37 p. 3; Doc. 38 p. 3–6] and suggesting that the Court erred when it designated Petitioner a career offender under Section 4B1.1 in the absence of pre-enhancement government notice under 21 U.S.C. § 851(a)(1) ("Ground Two") [Doc. 38 pp. 6–7]. In his third and final ground for relief, Petitioner argues the Supreme Court's decision in *Johnson* removed his convictions for third-degree burglary, aggravated burglary, burglary other than a dwelling, and escape from the definition of "violent felony" found in § 924(e) and Section 4B1.2(a) ("Ground Three") [Doc. 40 pp. 5–9 (arguing that, absent these convictions, he can no longer be categorized as an armed career criminal under the former or enhanced as a career offender under the latter)].

    **A.**  **Ground One: Entitlement to Relief Under *Dorsey* and the FSA**

In his first ground for relief, Petitioner suggests that his sentence should be reduced based on Congresses' subsequent enactment of the FSA [Doc. 38 pp. 3–6]. However, the FSA—which increased the thresholds for triggering § 841(b)(1)(B)'s statutory minimums—is not retroactively applicable to defendants sentenced before its enactment. *See United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010) ("[W]e must apply the penalty provision in place at the time [defendant] committed the crime in question."), *abrogated on other grounds by Dorsey*, 132 S.Ct. at 2331 (finding Act is retroactively applicable where conviction occurred before, but

9

sentencing occurred after, enactment). Thus, Petitioner—convicted and sentenced in 2007, years before enactment of the FSA—remains subject to the unaltered penalties in place at that time.[2]

### B. Ground Two: Entitlement to Relief Based on Absence of § 851 Notice

In his second ground for relief, Petitioner suggests that the career offender enhancement was "erroneously applied" because "he was never given . . . any [§] 851 notice" [Doc. 38 pp. 6–7]. The claim cannot serve as a basis for collateral relief because designation as a career offender is distinct from, and in no way requires, pre-enhancement notice under 21 U.S.C. 851(a)(1). Stated another way, a defendant may be subject to an enhanced statutory penalty based on a § 851(a)(1) notice even if he is not a career offender; conversely, a defendant may be a career offender under the guidelines even if no § 851(a)(1) enhancement is ever filed. In the absence of a pre-enhancement notice requirement, Ground Two fails as a matter of law.

### C. Ground Three: Entitlement to Relief Under *Johnson*

Petitioner's third ground for relief asserts that the Supreme Court's decision in *Johnson* precludes ongoing use of numerous prior convictions as predicate violent felonies for purposes of armed career criminal designation under § 924(e) and career offender enhancement under

---

[2] To the extent Petitioner seeks a sentence reduction under Guidelines Amendment 750, which implemented the FSA and is applicable retroactively, such relief is unavailable under the plain terms of 18 U.S.C. § 3582(c) because his guideline range was derived based upon his designation as a career offender, not the quantity of drugs found in his possession. *See* 18 U.S.C. § 3582(c)(2) (authorizing sentence reductions only where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" via a retroactively applicable amendment); *see also United States v. Riley*, 726 F.3d 756, 759 (6th Cir. 2013) (explaining "the sentences of career offenders under [Section] 4B1.1 are not based on the [Section] 2D1.1 ranges"); *United States v. Payton*, 617 F.3d 911, 914 (6th Cir. 2010) ("[A] defendant convicted of [drug] charges but sentenced as a career offender . . . is not eligible for a reduction based on [a retroactive guidelines amendment]") (internal quotations omitted).

Section 4B1.2(a) [Doc. 40 pp. 5–9 (suggesting the reasoning of *Johnson*'s holding extends to invalidate the parallel residual clause found in Section 4B1.2(a) of the Guidelines)].

The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear that its decision did "not call into question . . . the remainder of the [ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses. *Id.* Nor did *Johnson* disturb the use of prior serious drug offenses as predicates.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual §4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA, *see* U.S. Sentencing Manual § 4B1.2 (defining "crime of violence" through use of use-of-physical force, enumerated-offense, and residual clauses), the sole distinction arising from the fact that the Guidelines' enumerated-offense clause covers only that subset of burglaries that

11

involve a dwelling. *Compare* 18 U.S.C. § 924(e)(1) (listing "burglary, arson, or extortion"), *with* U.S. Sentencing Manual § 4B1.2(a) (listing "burglary of a dwelling, arson, or extortion").

The validity of Petitioner's sentence thus depends on whether three or more of his prior convictions qualify as "violent felonies" under one of the unaffected provisions of § 924(e) and two or more of his prior convictions qualify as "crimes of violence" under one of the unaffected provisions of Section 4B1.2. *See, e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause). To determine whether a particular offense qualifies under either prong of the above definitions, courts must first identify the precise crime of conviction. *Descamps*, 133 S. Ct. at 2285. They do so by employing a "categorical approach," looking "only to the statutory definitions—elements—of a prior offense, and not to the particular facts underlying [each] conviction[]." *Id.* at 2283 (internal quotations omitted). When the prior conviction involves violation of a "divisible" statute—one which comprises multiple, alternative versions of the crime—the court resorts to the "modified categorical approach" under which it "consult[s] a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* at 2281. A review of Petitioner's PSR reveals that several of his prior convictions categorically qualify as predicate offenses under ACCA and Guideline provisions unaffected by *Johnson*.

For purposes of § 924(e), the Supreme Court has defined "burglary" as any conviction, "regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor*, 495 U.S. at 599. Petitioner's first-degree burglary conviction [PSR ¶ 45]—defined at the time as "the

12

breaking and entering into a dwelling house, or any other house, building, room or rooms therein used and occupied by any person or persons as a dwelling place or lodging either permanently or temporarily, . . . with intent to commit a felony," Tenn. Code Ann. § 39-2-401 (1986)—fits securely within *Taylor*'s definition of "generic burglary" and thus constitutes predicate offense for purposes of ACCA designation. Further, binding Sixth Circuit precedent dictates that Petitioner's third-degree burglary convictions [PSR ¶¶ 44–45] and aggravated burglary conviction [*Id.* ¶ 46], categorically qualify as violent felonies under the ACCA's enumerated-offense clause.[3] *See United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007) (holding that Tennessee aggravated burglary categorically qualifies as generic burglary); *United States v. Caruthers*, 458 F.3d 459, 475 (6th Cir. 2006) (holding that Tennessee third-degree burglary is categorically a violent felony under the enumerated offense clause); *see also United States v. Taylor*, 800 F.3d 701, 719 (6th Cir. 2015) (confirming, post-*Johnson*, that Tennessee third-degree burglary is categorically a violent felony under the enumerated-offense clause); *United States v. Priddy*, 808 F.3d 676, 684 (6th Cir. 2015) (finding, post-*Johnson*, that "Nance [is] controlling and establish[es] that a Tennessee conviction for aggravated burglary is categorically a violent felony under the ACCA's enumerated-offense clause"). Any attempted reliance on the distinction between aggravated burglary and burglary of a dwelling [Doc. 40 p. 5], is irrelevant for purposes of the ACCA because "burglary of a dwelling" is only required by the career offender provision of the Sentencing Guidelines, not the parallel provisions found in the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a)(2) (mirroring language of the ACCA's enumerated offense clause with the exception of requiring "burglary of a dwelling" instead of generic

---

[3] Even if a modified categorical analysis could be applied to Petitioner's prior Tennessee aggravated burglary conviction for purposes of the ACCA analysis, he has failed to submit any evidence that his prior conviction involved a non-generic burglary.

13

"burglary"). Finally, Petitioner does not dispute that his controlled-substance conviction [PSR ¶ 47] provides yet another categorical ACCA predicate. The fact that at least five of his prior convictions constitute predicate offenses independent of the now-defunct residual clause is fatal to Petitioner's request for collateral relief from his ACCA-enhanced sentence.[4]

For purposes of Section 4B1.2, "burglary of a dwelling" is defined as "burglary of a structure used for the purpose of human habitation," i.e., "places of habitation," *United States v. McFalls*, 592 F.3d 707, 713–14 (6th Cir. 2010). Tennessee's aggravated burglary statute provides that "[a]ggravated burglary is burglary of a habitation as defined in [Tennessee Code Annotated] §§ 39-14-401 and 39-14-402." Tenn. Code Ann. § 39-14-403(a). One of those statutory cross-references defines "habitation" as:

> (a) Means any structure, including buildings, module unites, mobile homes, trailers, and tents, which is designed or adapted for overnight accommodation of persons;
>
> (b) Includes a self-propelled vehicle that is designed or adapted for the overnight accommodation of persons and is actually occupied at the time of initial entry by the defendant; and
>
> (c) Includes each separately secured or occupied portion of the structure or vehicle and each structure appurtenant to or connected with the structure or vehicle.

Tenn. Code. Ann. § 39-14-401(1). At least a portion of the foregoing definition—burglarizing "buildings . . . designed or adapted for overnight accommodation of persons"—satisfies *McFall*'s definition for generic burglary of a dwelling—burglary of a "structure used for the purpose of human habitation." *See Descamps*, 133 S. Ct. at 2284 (explaining a statute is

---

[4] Because Petitioner's first-degree burglary, third-degree burglary, aggravated burglary, and controlled substance offenses qualify as ACCA predicates independent of the now-defunct residual clause, the Court finds that it need not address whether his convictions for burglary [PSR ¶ 49], burglary other than a dwelling [*Id.* ¶ 48], burglary other than a habitation [*Id.* ¶ 57], or escape [*Id.* ¶ 50], do as well.

14

"divisible" when it "list[s] potential offense elements in the alternative"); *see also United States v. Lara*, 590 F. App'x 574, 577–78 (6th Cir. Nov. 5, 2014) (finding that Tenn. Code Ann. § 39-14-403 is divisible under *Descamps*); *United States v. Mitchell*, 743 F.3d 1054, 1065 (6th Cir. 2014) ("The ordinary use of the conjunction 'or' is almost always disjunctive, that is, the words it connects are to be given separate meanings." (internal quotations omitted)). Because the PSR makes clear that Petitioner's variant of the offense falls within this subset [PSR ¶ 46 ("On or about July 20, 1991, the defendant entered the residence of Brian Raths and took control of a Toshiba 26 inch television, a VCR, and a lady's opal ring valued at $500."), the conviction independently qualifies as predicate under Section 4B1.2(a)'s enumerated-offense clause.

Again, Petitioner does not dispute that his 1992 conviction for possession of a schedule II substance remains a "controlled substance offense" for purposes of Section 4B1.2(b). *See* U.S. Sentencing Manual § 4B1.2(b) (defining "controlled substance offense" as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense"). Thus, he has failed to establish that the Court erred by applying the career offender enhancement.

V.   CONCLUSION

For the reasons discussed above, Petitioner's first motion for leave to amend [Doc. 39] will be **DENIED**, second motion for leave to amend [Doc. 40] will be **GRANTED**, and amended § 2255 motion [Docs. 37, 40] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

15

Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER ACCORDINGLY.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE